*In re* APPLICATION OF INDIANA MICHIGAN POWER COMPANY

Docket No. 264859. Submitted April 5, 2007, at Lansing. Decided April
    24, 2007, at 9:20 a.m. Leave to appeal sought.

Indiana Michigan Power Company (IMPCo) filed an application in
    the Public Service Commission (PSC) for approval of its 2004
    power supply cost recovery (PSCR) plan, which included the cost of
    fees paid to the United States Department of Energy (DOE) for the
    disposal of spent nuclear fuel (SNF). The PSC approved the plan
    over the objections of Michigan Environmental Council (MEC) and
    Public Interest Research Group in Michigan (PIRGIM), which
    contended that IMPCo had not acted reasonably and prudently by
    paying fees for nuclear waste disposal to the DOE despite the fact
    that no federal nuclear waste disposal program currently exists.
    The PSC denied a motion for rehearing, and MEC and PIRGIM
    appealed.

The Court of Appeals *held*:

1. Appellants' argument that the PSC's decision is unlawful
    and unreasonable because it does not comply with Const 1963, art
    6, § 28 and MCL 24.285 is unsubstantiated. The basis for the
    PSC's decision is set out clearly in its order approving IMPCo's
    PSCR plan, and in particular in its order denying appellants'
    petition for rehearing. IMPCo presented evidence that payment of
    SNF disposal fees was mandated by federal law, and that failure to
    make the payments could lead to imposition of interest charges
    and possible loss of its license to operate its nuclear facility. The
    PSC was entitled to rely on this evidence to conclude that, in the
    absence of evidence that IMPCo acted unreasonably and impru-
    dently with regard to the collection of SNF costs, it had no
    authority to impose remedies such as those appellants suggested,
    and appellants identified no statute or caselaw to the contrary.

2. The PSC acted in accordance with its statutory authority in
    concluding that IMPCo had not acted unreasonably or impru-
    dently by continuing to pay SNF fees in light of testimony that
    payment was required by law, that other utilities were making
    SNF payments, that failure to make the payments could result in
    the loss of its operating license, and that it had supported litigation
    to compel the federal government to fulfill its duties with respect

to SNF disposal. The case on which appellants rely for the proposition that payment of SNF fees is no longer mandatory did not hold that a utility's payment of SNF fees is contingent on the existence of a disposal facility; rather, it held that the DOE had a duty to accept SNF from utilities despite the fact that there was not yet an operational disposal facility.

3. The PSC correctly concluded that considering the appellants' recommendations and proposed remedies was beyond the scope of its jurisdiction in the absence of a determination that IMPCo's actions were unreasonable or unlawful.

Affirmed.

*Clark Hill PLC* (by *Don L. Keskey*) for the Michigan Environmental Council and the Public Interest Research Group in Michigan.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges*, *Michael A. Nickerson*, and *Patricia S. Barone*, Assistant Attorneys General, for the Public Service Commission.

*Honigman Miller Schwartz and Cohn LLP* (by *Richard J. Aaron*) for the Indiana Michigan Power Company.

Before: SAAD, P.J., and HOEKSTRA and SMOLENSKI, JJ.

SAAD, P.J. Michigan Environmental Council and Public Interest Research Group in Michigan appeal orders of the Michigan Public Service Commission (PSC) that approved the 2004 power supply cost recovery (PSCR) plan filed by Indiana Michigan Power Company (IMPCo) and denied appellants' petition for rehearing. We affirm.

## I. INTRODUCTION

MCL 460.6j(2) authorizes the PSC to include a PSCR clause in a utility's rate schedule.[1] A PSCR clause is "a

---

[1] MCL 460.6j was added by 1982 PA 304 (Act 304).

clause in the electric rates or rate schedule of a utility which permits the monthly adjustment of rates for power supply to allow the utility to recover the booked costs, including transportation costs, reclamation costs, and disposal and reprocessing costs, of fuel burned by the utility for electric generation and the booked costs of purchased and net interchanged power transactions by the utility incurred under reasonable and prudent policies and practices." MCL 460.6j(1)(a). Each year, a utility with a PSCR clause in its rate schedule must file a PSCR plan for the upcoming year and a five-year forecast of power supply requirements. MCL 460.6j(3) and (4). The PSC approves, disapproves, or modifies the proposed PSCR plan. MCL 460.6j(6). After the end of the year, the PSC conducts a reconciliation case in which it makes adjustments to take into account the utility's true cost of supplying power. MCL 460.6j(12) and (13).

IMPCo owns and operates a nuclear generating plant that supplies electricity to customers in Michigan. Spent nuclear fuel (SNF) is stored at an on-site facility at the plant. IMPCo entered into a standard contract with the United States Department of Energy (DOE), as required by the Nuclear Waste Policy Act (NWPA), 42 USC 10101 *et seq.* Under such a contract, the utility pays a fee to the DOE for a federal SNF disposal program. This program was scheduled to begin no later than January 31, 1998. At the time the briefs were filed, the DOE estimated that the program would not begin before 2010.[2] The utilities classify the SNF fee as a nuclear fuel expense and include the cost in their PSCR plans.

---

[2] We take judicial notice that the Department of Energy website currently states that, under the "Best-Achievable Repository Construction Schedule," the repository will not begin receipt of SNF until March 31, 2017. U.S. Department of Energy, Civilian Radioactive Waste Management <http://www.ocrwm.doe.gov/ym_repository/about_project/index .shtml> accessed April 11, 2007).

II. UNDERLYING FACTS AND PROCEEDINGS

IMPCo filed an application with the PSC seeking approval of its PSCR plan for the year 2004. In the administrative proceeding, appellants presented the testimony of a nuclear energy consultant who asserted that ratepayers were being charged excessive costs associated with nuclear waste and its disposal, including the cost of the SNF fee paid by IMPCo to the DOE. The witness contended that IMPCo had not acted reasonably and prudently regarding its continued payment of the SNF fee because it had failed to take necessary action to mitigate or minimize the costs, or to protect ratepayers from the risk of loss of the amounts paid. Appellants contend that IMPCo failed to enforce its contract with the DOE, and failed to undertake self-help remedies. The witness opined that the PSC should disallow inclusion of IMPCo's SNF expense in IMPCo's PSCR clause. Alternatively, appellants aver that IMPCo should be required to refile its case and explain its actions concerning the SNF fees.

IMPCo presented a witness who opined that the utility had acted reasonably and prudently with respect to the collection and payment of SNF fees. The witness testified that if IMPCo refused to pay the SNF fee to the DOE, the Nuclear Regulatory Commission could determine that IMPCo's SNF disposal program was not viable, and could refuse to license IMPCo's nuclear plant. The witness also said that IMPCo had engaged in self-help, including participating in litigation to attempt to force the DOE to adhere to its obligations under the standard contract.

The PSC approved the PSCR plan filed by IMPCo. The PSC noted that SNF costs resulted from disposal of nuclear fuel rods and that, pursuant to MCL 460.6j(1)(a), a utility was entitled to recover disposal

costs through its PSCR clause. The PSC found that IMPCo did not act unreasonably or imprudently with respect to the handling of SNF issues; accepted IMPCo's assertion that to cease paying SNF fees to the DOE could result in consequences such as suspension of IMPCo's license to operate its nuclear facility; disagreed with appellants' contention that utilities, and not ratepayers, were responsible for payment of SNF fees; and observed that it had rejected appellants' arguments in previous cases. The PSC denied appellants' motion for rehearing.

### III. ANALYSIS

The standard of review for PSC orders is narrow and well defined. MCL 462.25 provides that all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consolidated Gas Co v Pub Service Comm*, 389 Mich 624, 635-636; 209 NW2d 210 (1973). A party aggrieved by an order of the PSC has the burden to prove by clear and satisfactory evidence that the order is unlawful or unreasonable. MCL 462.26(8). To establish that a PSC order is unlawful, the appellant must show that the PSC failed to follow the mandates of a statute or abused its discretion in the exercise of its judgment. *In re MCI Telecom Complaint*, 460 Mich 396, 427; 596 NW2d 164 (1999). An order is unreasonable if it is not supported by the evidence. *Associated Truck Lines, Inc v Pub Service Comm*, 377 Mich 259, 279; 140 NW2d 515 (1966).

We must give due deference to the PSC's administrative expertise, and will not substitute our judgment for that of the PSC. *Attorney Gen v Pub Service Comm No 2*, 237 Mich App 82, 88; 602 NW2d 225 (1999). However, we may not abandon our responsibility to interpret

statutory language and legislative intent. *Miller Bros v Pub Service Comm*, 180 Mich App 227, 232; 446 NW2d 640 (1989). Statutory interpretation is a question of law subject to review de novo. As a general rule, we will defer to the construction placed on a statute by a government agency charged with interpreting it, unless the agency interpretation is not supported by the record or is otherwise unreasonable. *In re Canales Complaint*, 247 Mich App 487, 496; 637 NW2d 236 (2001). Whether the PSC exceeded the scope of its authority is a question of law that is reviewed de novo. *In re Complaint of Pelland Against Ameritech Michigan*, 254 Mich App 675, 682; 658 NW2d 849 (2003).

### 1. DECISION ON SNF ISSUES

Appellants argue that the PSC's orders here are unlawful and unreasonable because the PSC's decision on the SNF issues is not supported by competent, material, and substantial evidence on the whole record as required by Const 1963, art 6, § 28, and does not make findings of fact and conclusions of law that allow for meaningful appellate review, as required by MCL 24.285. We disagree.

Appellants take the position that the PSC had the authority and the duty to undertake a broad investigation of IMPCo's actions with regard to SNF issues, and, at a minimum, disallow recovery of SNF costs through IMPCo's PSCR clause on the ground that IMPCo had acted unreasonably and imprudently with respect to collection of the costs from ratepayers and payment of the fees to the DOE.[3]

---

[3] The PSC conducted the case according to the requirements set forth in MCL 460.6j. Appellants participated fully; the assertion that appellants did not receive the notice required by MCL 460.6a(1) is without merit.

Appellants say that the PSC should have taken the position that IMPCo's request that it be allowed to recover SNF costs from ratepayers through its PSCR clause was presumptively unreasonable in light of the DOE's failure to commence an SNF disposal program, and should have required IMPCo to overcome that presumption. No authority allows the PSC to make such an assumption. Rather, the PSC must "evaluate the reasonableness and prudence of the decisions underlying" a utility's PSCR plan, and "approve, disapprove, or amend" the PSCR plan in light of that evaluation. MCL 460.6j(6).

IMPCo presented evidence that payment of the SNF fees was mandated by federal law and its standard contract with the DOE, and that failure to make the payments could lead to imposition of interest charges and possible loss of its license to operate its nuclear facility. The PSC was entitled to rely on the evidence presented by IMPCo on this issue, rather than the evidence presented by appellants. *Great Lakes Steel Div of Nat'l Steel Corp v Pub Service Comm*, 130 Mich App 470, 481; 344 NW2d 321 (1983). Moreover, the PSC concluded that, in the absence of evidence that IMPCo acted unreasonably and imprudently with regard to the collection of SNF costs, it had no authority to impose additional remedies such as those suggested by appellants. Appellants point to no statute or caselaw that holds to the contrary.

The basis for the PSC's decision is set out clearly in its order approving IMPCo's PSCR plan, and in particular in its order denying appellants' petition for rehearing. Appellants' argument that the PSC's decision is unlawful and unreasonable because it does not comply with Const 1963, art 6, § 28 and MCL 24.285 is unsubstantiated.

### 2. PROCEDURAL/DISCOVERY ISSUES

Appellants argue that the PSC's orders here are unlawful and unreasonable because the hearing referee and the PSC engaged in a one-sided review process. The referee denied appellants' motion to compel discovery of actions IMPCo might have taken to better enforce its standard contract with the DOE, and also denied appellants' motion to strike portions of IMPCo's testimony that appellants regard as conclusory. However, the referee granted IMPCo's motion to strike portions of appellants' expert evidence regarding SNF issues. The PSC affirmed these rulings. Appellants assert that this review process denied them due process, adequate judicial review, and notice and an opportunity to be heard. We disagree.

A party may not simply announce its position and then leave it to this Court to discover and rationalize the basis for its claims. *Wilson v Taylor*, 457 Mich 232, 243; 557 NW2d 100 (1998). Furthermore, a party may not give an issue cursory treatment with little or no citation of supporting authority. *Silver Creek Twp v Corso*, 246 Mich App 94, 99; 631 NW2d 346 (2001). Appellants' argument on this issue contains no specifics regarding what discovery matters they believe were improperly withheld, or what testimony proffered by their witness was improperly stricken from the record. Appellants do not explain how the PSC would have decided this matter differently had the discovery material and testimony been before it on the record. The lack of specifics in appellants' argument leads us to conclude that this issue has been abandoned. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

### 3. EFFECT OF FEDERAL LAW

Appellants observe that IMPCo's basis for arguing that it was entitled to recover the SNF fees paid to the

DOE was that payment of the fees is mandated by federal law. Appellants maintain that in *Indiana Michigan Power Co v Dep't of Energy*, 319 US App DC 209; 88 F3d 1272 (1996), the court held that a utility's obligation to pay SNF fees was reciprocal to the DOE commencing SNF disposal by January 31, 1988. *Id.* at 214. *Moreover*, in *Northern States Power Co v Dep't of Energy*, 128 F3d 754, 757 (CA DC, 1997), the court stated that the DOE's obligation to meet the January 1998 deadline was unconditional. Appellants contend that a utility's duty to pay SNF fees is reciprocal to the DOE's duty to commence disposing of SNF in a timely manner and that, because the DOE did not fulfill its duty, a utility such as IMPCo has no duty to continue paying SNF fees to the DOE. Therefore, appellants assert, the PSC had the authority to protect ratepayers by denying IMPCo's request to recover SNF costs through its PSCR clause, or by requiring IMPCo to take other steps to protect ratepayers. We disagree.

Appellants' reliance on *Indiana Michigan Power Co, supra*, for the proposition that the payment of SNF fees is no longer mandatory, is misplaced. In that case, the court addressed the DOE's assertion that the DOE had no clear obligation under the NWPA to accept SNF from utilities absent the existence of an operational disposal facility. The court disagreed and concluded that under 42 USC 10222(a)(5), the DOE's duty to dispose of SNF was conditioned on the payment of disposal fees by utilities. Nothing in the statute indicated that the duty to dispose of SNF was tied to the commencement of operation of a disposal facility. *Id.* at 212-213. *Indiana Michigan Power Co* does not hold that a utility's payment of SNF disposal fees is contingent on the DOE's putting into operation a disposal facility no later than January 31, 1998. The payment of SNF fees by a utility is mandated by 42 USC 10222.

A witness for IMPCo testified that IMPCo's actions with respect to collection of SNF costs from ratepayers and payment of SNF fees to the DOE were reasonable and prudent. The witness noted that (1) payment was required under IMPCo's standard contract with the DOE; (2) IMPCo's decision to pay the fees notwithstanding the federal government's delay in completing a disposal site was consistent with action taken by other utilities; (3) if IMPCo refused to pay the fees it risked losing its license to operate its nuclear power plant; and (4) IMPCo had supported litigation to compel the federal government to fulfill its duties under the NWPA.

The PSC has the discretion to consider a variety of factors when setting just and reasonable rates,[4] and the authority granted to the PSC is set out in MCL 460.6a and MCL 460.6j. The PSC acted in accordance with this authority and properly concluded that, in the absence of a finding of unreasonable or imprudent conduct on the part of a utility, it lacked the authority to impose the remedies suggested by appellants, including placing the burden of paying SNF fees on IMPCo's stockholders rather than on IMPCo's ratepayers. Appellants have not shown by clear and satisfactory evidence that the PSC's decision is unlawful or unreasonable. MCL 462.26(8).[5]

---

[4] See *Detroit v Pub Service Comm*, 308 Mich 706, 718; 14 NW2d 784 (1944).

[5] Appellants argue that federal law does not preempt the PSC's ratemaking powers over SNF fees. We need not consider this argument because the PSC did not rely on the doctrine of federal preemption. Moreover, a state utility commission must allow, as a reasonable operating expense, a cost incurred pursuant to a federal statute, see *ABATE v Pub Service Comm*, 192 Mich App 19, 22-27; 480 NW2d 585 (1991) (holding that states must give effect to rates approved by the Federal Energy Regulatory Commission), and SNF fees paid by IMPCo are mandated by statute, 42 USC 10222(a).

### 4. SCOPE OF JURISDICTION

In a PSCR proceeding, the PSC acts under the scope of authority granted to it in MCL 460.6j. Pursuant to that statute, the PSC was required to evaluate the reasonableness and prudence of IMPCo's PSCR plan, and to approve, disapprove, or modify the plan on the basis of its conclusions.

Appellants argue that the PSC erred in concluding that consideration of their recommendations and proposed remedies was beyond the scope of its jurisdiction in a PSCR clause case. In a PSCR, the PSC has the statutory authority to conduct a full evidentiary hearing and to consider all relevant factors when determining what costs are recoverable. MCL 460.6j(6). Appellants maintain that the PSC had the authority to disallow recovery of SNF costs through IMPCo's PSCR clause. Alternatively, appellants assert that the PSC had the authority to impose lesser remedies, such as requiring IMPCo to submit detailed reports and data regarding SNF; place SNF disposal fees collected from ratepayers into an escrow account to ensure that the funds would be available for alternative SNF disposal programs in the event that the DOE does not commence its own disposal program; and file a performance bond or to secure an insurance policy to ensure proper performance of SNF disposal. We disagree.

IMPCo sought to recover costs related to SNF disposal and payment of SNF fees in its PSCR clause. The PSC did not find that IMPCo acted unreasonably or imprudently with respect to SNF disposal issues and payment of SNF fees to the DOE. Appellants cite no statute or caselaw that holds that in a PSCR proceeding in which no finding that a utility engaged in unreasonable or imprudent conduct has been made, the PSC is authorized to go beyond approving the PSCR applica-

tion to adopt remedies such as those suggested by appellants. The PSC correctly concluded that if it determines that a utility's actions are reasonable and lawful, it has no authority to adopt extraordinary remedies such as those proposed by appellants. See *Attorney General, supra* at 88.

### 5. APPELLATE PRECEDENT

Appellants argue that this Court's decision in *Michigan Environmental Council v Pub Service Comm*[6] does not serve as precedent to support affirmance of the PSC's decision for several reasons. First, the PSC proceeding reviewed in that case concerned two Wisconsin utilities that served small portions of the Upper Peninsula of Michigan and did not store SNF in Michigan, whereas in this case, IMPCo serves many Michigan customers and stores SNF in an on-site facility in Michigan. Second, the appellants did not seek outright disallowance of recovery of the SNF costs, as they did here. Third, in the opinion in that case, this Court acknowledged that issues raised by the appellants were appropriate for consideration, albeit not in a PSCR proceeding. Fourth, the PSC noted that SNF disposal issues are significant. Finally, because the opinion is unpublished, the PSC's reliance on it is erroneous. We disagree.

This Court's decision in *Michigan Environmental Council, supra*, is unpublished, and therefore does not constitute binding precedent. MCR 7.215(C)(1). Nevertheless, we consider its analysis to be persuasive. See, e.g., *Watson v Bureau of State Lottery*, 224 Mich App 639, 648; 569 NW2d 878 (1997). Here, the PSC was

---

[6] Unpublished opinion per curiam of the Court of Appeals, issued December 9, 2003 (Docket Nos. 240403, 240406).

entitled to note that its rejection of appellants' issues had been upheld in other proceedings. The arguments raised by appellants in *Michigan Environmental Council* were substantially similar to those raised here.

### IV. CONCLUSION

For the reasons set forth in this opinion, we affirm the PSC's orders approving IMPCo's PSCR application and denying appellants' petition for rehearing.