# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN SPRANGER,

        Petitioner-Appellant,

v

CITY OF WARREN,

        Respondent-Appellee.

UNPUBLISHED
March 12, 2015

No. 319273
Michigan Tax Tribunal
LC No. 00-449782

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying her a Principal Residence Exemption (PRE) for the 2012 tax year in this residential property tax action. We affirm.

Petitioner owns residential property located at 7520 Hudson, in respondent City of Warren. Petitioner filed a PRE affidavit on December 16, 2011, claiming that she had lived at the subject address since 2001, and respondent initially granted her an exemption for the 2012 tax year. However, on February 6, 2013, respondent ultimately denied petitioner's request for a PRE for 2012, finding that she did not occupy the property. Petitioner timely appealed that denial to the Michigan Tax Tribunal (MTT).

After a hearing, the MTT referee issued a proposed opinion and judgment dated September 13, 2013, which recommended that the subject property not be entitled to a PRE under MCL 211.7cc. The referee found that water usage is considered a reliable and reasonable indicator for determining occupancy of a residence and noted that water records for the property showed that the minimum chargeable amount of water was never exceeded from January 2008 through June 2012. The referee found petitioner's explanation that she conserves water and uses alternative water sources to be unpersuasive. The referee also found that petitioner failed to submit utility bills or other reliable evidence to support her contention that she had occupied the subject property as her principal residence.

Petitioner filed exceptions to the referee's proposed opinion, arguing that there was evidence that neighbors saw her residing in the home, that all of her personal property was in the residence, that the absence of water usage was due to a dispute concerning the city's metering protocol, and that she had provided corroborative testimony of other utilities used in the home. The tribunal judge considered petitioner's exceptions but noted that exceptions are limited to evidence submitted before or at the hearing and that he would not consider new evidence. On

November 6, 2013, the tribunal judge adopted the referee's proposed opinion and entered a final opinion and judgment finding that petitioner had failed to prove by a preponderance of the evidence that she was entitled to an exemption. Petitioner now appeals that final opinion and judgment.

As stated in *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010):

> The standard of review of Tax Tribunal cases is multifaceted. If fraud is not claimed, this Court reviews the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the Tax Tribunal's factual findings conclusive if they are supported by "competent, material, and substantial evidence on the whole record." But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo. [Citations omitted.]

A petitioner must establish entitlement to a statutory exemption by a preponderance of the evidence. *ProMed Healthcare v City of Kalamazoo*, 249 Mich App 490, 495; 644 NW2d 47 (2002).

The entitlement to a PRE is governed by statute. MCL 211.7cc(1) provides that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes . . . ." MCL 211.7dd(c) defines a "[p]rincipal residence" as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. . . ." A property owner claiming a PRE is required to file an affidavit with the local taxing authority attesting that the property is owned and occupied as a principal residence. MCL 211.7cc(2).

Petitioner argues that the record supported a finding that 7520 Hudson was her primary residence and thus she was entitled to a PRE. However, petitioner failed to provide competent, material, and substantial evidence to prove by a preponderance of the evidence that she actually occupied 7520 Hudson as her one true, fixed, and permanent home for the period at issue as required to receive a PRE.

In *James F Roberts v Twp of West Bloomfield*, unpublished opinion per curiam of the Court of Appeals, issued May 10, 2012 (Docket No. 303098), slip op at 1, the petitioner, James Roberts, owned residential property that he used as rental property. After his tenants vacated the subject property, Roberts sought to claim the property as his principal residence and sought a PRE. *Id*. In arguing against a PRE, the respondent township relied on photographic evidence that showed that the residence's yard had not been cleaned, that the residence lacked window treatments, and that there was a "paucity of furnishings." *Id*. at 2. "Most importantly, the respondent established that Roberts did not utilize water or sewage services from September 2007 through May 2009." *Id*. at 4. The Court reasoned:

> On appeal, Roberts contends that "[t]here are a myriad number of reasons why someone occupying a residence may not use water, including, but not limited to, bottled drinking water, showering at a health club, not watering grass, not

cooking, etc." We find Roberts' claim patently ridiculous. It is incredible that a person could live in a home for 20 months without using the bathroom facilities or turning on the kitchen sink, let alone the myriad other reasons a residential customer must utilize water and sewage services. [*Id*. at 5.]

Finally, while the Court acknowledged that Roberts presented documents that usually help to indicate residency (such as his driver's license, voter registration card, and tax returns listing the subject property as his address), those documents were deemed inadequate in light of the other evidence presented that indicated that no one, including Roberts, occupied the subject property. *Id*.

The *Roberts* ruling is instructive here. While an unpublished opinion does not provide binding precedent, it can be used as persuasive analysis. See *In re Application of Indiana Michigan Power Co*, 275 Mich App 369, 380; 738 NW2d 289 (2007); see also *Tomiak v Hamtramck School District*, 426 Mich 678, 698-699; 397 NW2d 770 (1986). Petitioner attempts to distinguish *Roberts* from her case because her property was never rented to tenants and had indications of occupancy such as the presence of personal possessions and lawn maintenance. However, the "most important[]" determining factor of occupancy set forth in *Roberts* was water and sewer usage, *Roberts*, unpub op at 4, and petitioner here had extremely little water usage at the subject property and no proof of an alternative water source or a reasonable explanation about the lack of water usage. Petitioner's claim that she "live[s] a spartan existence" and her arguments relating to the installation of a "smart meter"[1] failed to counter the inference of a lack of occupancy due to lack of water usage.

We note that, although respondent did primarily rely on petitioner's lack of water usage in denying the PRE, it also presented evidence that petitioner only registered to vote in respondent city on July 6, 2011, and the registration showed her as having moved to the city from an address in Clinton Township. This information was pertinent to petitioner's credibility because petitioner had previously claimed to have lived at the subject property during the period she was registered to vote in Clinton Township. With regard to petitioner's "rewards" cards purportedly listing the subject property as her address, we note that copies of the cards were not made part of the record, the criteria for supplying an address were not submitted, and the dates of issuance were not supplied. Thus, those cards did nothing to establish petitioner's occupancy of the subject property, and none of petitioner's remaining evidence proved by a preponderance of the evidence that she actually occupied 7520 Hudson as her one true, fixed, and permanent home for the period at issue as required to receive a PRE.

The MTT's decision was based on competent, material, and substantial record evidence, and thus the MTT acted within its authority when denying the PRE.

---

[1] Petitioner's water was turned off because she objected to the installation of a "smart water meter" by respondent. We note that this shutoff did not occur until the autumn of 2012, *after* the observed usage of very small amounts of water.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering